1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7

YVETTE WEINSTEIN,                                    2:10-CV-1552 JCM (RJJ)

8                    Plaintiff,

9

v.

10

HOME AMERICAN MORTGAGE

11

CORPORATION, et al.,

12                    Defendants.

13

14

**ORDER**

15        Presently before the court is plaintiff Yvette Weinstein's motion to remand to state court.

16    (Doc. #12). Defendants BAC Home Loans Servicing, LP, and Countrywide Home Loans, Inc.

17    responded (doc. #15), and plaintiff replied (doc. #18).

18        Also before the court is defendants BAC Home Loans Servicing, LP's, and Countrywide

19    Home Loans, Inc.'s motion to dismiss. (Docs. #10, 11). Plaintiff has responded (docs. #16, 17), and

20    the defendants replied (doc. #19). Defendant Home American Mortgage Corporation filed a joinder

21    to the motion to dismiss. (Doc. #20).

22        The instant suit arises from the May 25, 2005, purchase of real property located at 8528

23    Caladium Court, Las Vegas, Nevada, 89149, by the debtor Ariel Jaime. The total purchase price was

24    $319,276.00, the full amount of which was borrowed from defendant Home American Mortgage

25    Corporation ("HAMC"). The plaintiff alleges that throughout the lending process, "several

26    misstatements, deficiencies, misrepresentations, and other fraudulent, misleading, and deceptive

27    practices" resulted from these transactions. (Doc. #12, p. 4).  HAMC subsequently sold its interest

28

**James C. Mahan**
**U.S. District Judge**

1   to defendants Countrywide Home Loans Inc. and BAC Home Loans Servicing, LP. Once Ms. Jaime

2   could no longer afford the loan payments, on September 5, 2008, a default was recorded by

3   defendants. On January 7, 2009, a notice of trustee sale was recorded on the property. The property

4   was then sold at a trustee's sale on about March 13, 2009.

5       Plaintiff then filed the instant suit on August 16, 2010, in the Eighth Judicial District Court

6   of Clark County, Nevada. The defendants removed the case, based on federal question and diversity

7   jurisdiction, on September 11, 2010. Plaintiff has filed the instant motion to remand alleging: (1) that

8   it has no knowledge of the loan broker in this case, and that information could destroy diversity

9   jurisdiction; and (2) that all claims arise under state rather than federal law. In response, the

10  defendants have filed the instant motion to dismiss the complaint.

11  **I.      MOTION TO REMAND**

12      Under 28 U.S.C. §1441(b), this court has original jurisdiction over claims that turn on a

13  substantial question of federal law. *Ultramar America, Ltd. v. Dwell,* 900 F.2d 1412, 1414 (9th Cir.

14  1990). Where a plaintiff claims to rely on a state remedy, but the rights he possesses are actually

15  based on federal law, federal question jurisdiction exists. *Fristoe v. Reynolds Metals Co.*, 615 F.2d

16  1209, 1211–12 (9th Cir. 1980).

17      Plaintiff's claims arise under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.

18  §2602, and the Truth in Lending Act (TILA) 15 U.S.C. § 1601. The majority of the claims asserted

19  require the court to determine what information the defendants had a duty to disclose under federal

20  law. For example, in paragraphs 45 and 46 of the complaint (doc. #1), plaintiff alleges

21  inconsistencies in "HUD documents," with HUD being the United States Department of Housing

22  and Urban Development.

23      As the court has original jurisdiction over claims involving interpretation federal law, the

24  court may adjudicate the entire case, including state law claims, pursuant to the doctrine of

25  supplemental jurisdiction. 28 U.S.C. § 1441(c); 28 U.S.C. §1367(a); *United Mine Workers of*

26  *America v. Gibbs*, 383 U.S. 715 (1966). Here, plaintiff's claims all revolve around allegations of

27  erroneous and misleading disclosures and/or allegations of bad faith and are thus part of the same

28

**James C. Mahan**
**U.S. District Judge**

1   case or controversy within the meaning of 28 U.S.C. §1367. Therefore, removal was proper, and

2   plaintiff is not entitled to the recovery of attorneys' fees and costs.

3   **II.    MOTION TO DISMISS**

4          "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

5   as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

6   1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a

7   complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the

8   line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S.

9   at 557). However, where there are well pled factual allegations, the court should assume their

10  veracity and determine if they give rise to relief. *Id.* at 1950.

11         The plaintiff has alleged ten claims for relief, all of which implicate defendant HAMC

12  (referred to as "lender" in the complaint), which has filed a joinder to the instant motion to dismiss.

13  Claims three, four, five, six, seven, eight and ten implicate defendants BAC and Countrywide

14  (referred to as "Mortgage Purchaser" in the complaint).

15         A.    <u>Unfair Lending Practices, NRS 598D</u> (Claim 3)

16         Plaintiff's third claim for relief alleges that defendants engaged in unfair lending practices,

17  as defined in NRS 598D.100, when they made "a home loan without determining, using

18  commercially reasonable means, that the borrower has the ability to repay the loan." (Doc. #1,

19  compl. §74). Accordingly, the cited conduct arises from the origination of the loan, which occurred

20  in 2005. The instant suit was filed in 2010.

21         An action upon statute for penalty or forfeiture has a two-year statute of limitations, unless

22  the statute provides otherwise. NRS 11.190(4)(b). The statute at issue, NRS 598D *et seq*., qualifies

23  as a statute for penalty and does not provide a contrary limitations period. The claim is thus time-

24  barred. *See, e.g., Freeto v. Litton Loan Serv. LP*, 2010 WL 2730596 (D. Nev. 2010) (finding that

25  where a loan was issued in 2005, but the complaint was filed in 2009, the claim was time-barred).

26  Defendants' motion to dismiss is granted as to claim three.

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

B.   <u>Fraud Claims</u>

Any claim of fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this standard, plaintiff must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Plaintiff has alleged three claims of fraud against the defendants– claim four, claim five, and claim six.

Plaintiff-trustee has alleged three claims of fraud – claim four, claim five, and claim six. Although plaintiff cites *Rocker v. KPMG LLP*, 148 P.3d 703 (Nev. 2006), for the proposition that she should be accorded a relaxed pleading standard, that doctrine is inapplicable in this case. *Rocker* applies only where the information necessary to meet the requirements of Rule 9(b) is solely in the defendants' possession "and cannot be secured without formal, legal discovery." *Id.* at 710. Here, plaintiff complains of inconsistencies within documents in the debtor's possession, which "are not solely within defendants' possession or control." Accordingly, plaintiff is held to the heightened pleading standard of Rule 9(b).

i.   *Consumer Fraud, NRS 41.600 (Claim 4)*

The fourth claim alleges consumer fraud and violations of NRS 41.600 and NRS 598. Plaintiff states that "Mortgage Broker Company, Mortgage Broker, Mortgage Purchase Company and Lender, as previously alleged, performed acts and omitted performing acts, which constitute a deceptive trade practice under one or more of the provisions of NRS 598.0903, *et seq.,* including but not limited to: NRS 598.0915(2), (5), (7), (9), (13), (14), (15), (16); and NRS 598.0917(2), (6), (7)." (Doc. #1, compl., ¶ 82).

These allegations are insufficient to meet the heightened pleading requirement for claims of fraud under Rule 9(b). Plaintiff has not identified acts, committed by specific defendants, which would constitute deceptive trade practices or consumer fraud. Moreover, only one of the eleven statutes cited by plaintiff, NRS 598.0915(15), could conceivably apply to home loans or mortgages; NRS 598.0915(2), (5), (7), (9), (13), (14), (16) and NRS 598.0917(2), (6), (7) all apply specifically

to the sale or lease of goods or to retail installment transactions.

Plaintiff's claim pursuant to NRS 598.0915(15), which makes making a false representation in a transaction a deceptive trade practice, has not been pled with particularity. Plaintiff is in possession of the loan documents, and should have identified for the court specific "false representations" giving rise to liability under this statute. Simply stating that a group of undifferentiated defendants "performed acts and omitted performing acts" is insufficient to meet the heightened pleading standard under Rule 9(b). Accordingly, defendants' motion to dismiss is granted as to claim four.

ii.    *Fraud (Claim 5)*

In the fifth claim for relief, plaintiff alleges that the defendants represented to the debtor that she would have the ability to repay the loan "for the purpose of enticing and convincing Debtor to enter into a loan with Lender in order to earn themselves fees." (Doc. #1, compl. ¶ 87–88). Plaintiff claims that the defendants "ignored loan documents that were defective on their face" (*id*. at ¶ 89), "failed to verify information on the loan documents or Debtor's ability to repay the loan" (*id.* at ¶ 93), and "failed to disclose to Debtor the inconsistencies and irregularities apparent on the face of the loan documents" (*id.* at ¶ 94).

Again, plaintiff fails to distinguish between defendants when describing the alleged fraudulent conduct. Furthermore, the plaintiff alleges that the alleged deficiencies were apparent on the face of the loan documents, but fails to describe those deficiencies. Finally, insofar as plaintiff alleges that the defendants had a fiduciary duty to ensure the ability of the debtor to repay the loan, plaintiff has not alleged "specific actions and particular situations of the parties" which would give rise to such a relationship. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007) (holding that the Nevada Supreme Court would not recognize a fiduciary relationship as a matter of law between a lender and borrower; rather, the plaintiff must present specific facts giving rise to such a relationship).[1] Accordingly, defendants' motion to dismiss is granted as to claim five.

---

[1] Although NRS 598D *et seq.* may give rise to such a duty, the instant allegations, which arise from the origination of the loan, leave the claim time-barred under the applicable statute of

iii.     *Constructive Fraud (Claim 6)*

The sixth claim for relief alleges that the defendants committed constructive fraud. "Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or to violate confidence . . . [and] may arise where there has been a breach of duty arising out of a fiduciary or confidential matter." *Exec. Mgmt. Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465 (Nev. 1998).

As noted above, no such fiduciary duty exists as a matter of Nevada law between a borrower and a lender. *Giles*, 494 F. 3d at 882. Although plaintiff states that "Defendants, and each of them, were in a relationship of special confidence with Debtor" (doc. #1, compl. ¶ 104), that conclusory allegation fails to cite facts or circumstances which establish such a relationship in this case. Accordingly, defendants' motion to dismiss is granted as to claim six.

C.     Negligent Misrepresentation (Claim 7) and Negligence (Claim 8)

An action to recover damages for injuries to a person caused by the wrongful act or neglect of another must be brought within two years. NRS 11.190(4)(e). Nevada uses a discovery rule for determining when the statute of limitations begins to run. *Torrealba v. Kesmetis*, 178 P.3d 716, 723 (Nev. 2008).

Here, plaintiff alleges that the acts and omission as well as deficiencies on the face of documents used in the loan origination process prevented the debtor from being "reasonably informed prior to making a decision with respect to entering into the loan agreement." (Doc. #1, compl. ¶ 116). Whereas the plaintiff has alleged elsewhere that these deficiencies were apparent on the face of the loan documents, Nevada's discovery rule was satisfied when the documents were created in 2005. Whereas this suit was not filed until 2010, plaintiff has failed to meet the applicable statute of limitations and the claim is time-barred.

Plaintiff also alleges that "acts of Defendants failed to comply with one or more statutes,

---

limitations as noted in the section above. *See* NRS 598D.100 (making it an unfair lending practice for a lender to "knowingly or intentionally make a home loan . . . without determining     . . . that the borrower has the ability to repay the home loan").

James C. Mahan
U.S. District Judge

1   rules, ordinances or codes which existed to protect persons such as Debtor from harm such as the

2   harm debtor suffered, and Defendants were negligent *per se*." (Doc. #1, compl. ¶ 129). This claim

3   for relief is also subject to the two-year statute of limitations under NRS 11.190(4)(e), but more

4   importantly, plaintiff has failed to identify a particular Nevada statute that defendants have violated.

5   Accordingly, defendants' motion to dismiss is granted as to claims seven and eight.

6          D.      Civil Conspiracy (Claim 10)

7          To allege a conspiracy to defraud, a complaint must meet the particularly requirements of

8   Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining

9   the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001).

10  Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the

11  misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

12         Plaintiff has failed to meet the heightened pleading requirement under Rule 9(b). The

13  complaint is devoid of any facts indicating when and how each defendant joined the conspiracy, and

14  what the alleged "common plan and purpose to commit tortious acts against Debtor for her

15  individual and collective benefit" (doc. #1, compl. ¶ 140) entailed. Plaintiff's conclusory allegations

16  that the defendants worked together through "fraud and misrepresentation, and to breach their duties

17  and obligations" (*id.* at ¶ 142(a)) is insufficient to allege a claim of conspiracy. Accordingly,

18  defendants' motion to dismiss is granted as to claim ten.

19         Accordingly,

20         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Yvette

21  Weinstein's motion to remand to state court (doc. #12) is DENIED.

22  . . .

23  . . .

24  . . .

25  . . .

26  . . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    IT IS FURTHER ORDERED that defendants BAC Home Loans Servicing, LP's, Home

2  American Mortgage Corporation's and Countrywide Home Loans, Inc.'s motion to dismiss (doc.

3  #10) is GRANTED. The case is dismissed without prejudice as to defendants BAC Home Loans

4  Servicing, LP, and Countrywide Home Loans, Inc. Claims three, four, five, six, seven, eight and ten

5  are dismissed without prejudice as to defendant Home American Mortgage Corporation.

6    DATED December 29, 2010.

7

8  _____
   **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28